**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION**

CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
07/13/2020
JULIA C. DUDLEY, CLERK
BY: /s/ J. JONES
       DEPUTY CLERK

| | |
|---|---|
| POWER HOME SOLAR, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SIGORA SOLAR, LLC, and<br>BRIAN VENTURA, and<br>RAVEN STEPHENS,<br><br>　　　　Defendants. | Civil Action No.　3:20CV00042 |

**NOTICE OF REMOVAL**

NOW COMES Sigora Solar, LLC ("Sigora"), Brian Ventura ("Ventura"), and Raven Stephens ("Stephens") (collectively "Defendants"), reserving all defenses and objections, who, by and through counsel, remove the civil action captioned *Power Home Solar, LLC v. Sigora Solar, LLC, et al.*, Case No. 540CL20000266-00, originally filed in the Charlottesville, Virginia Circuit Court, to the U.S. District Court for the Western District of Virginia, Charlottesville Division, and states as follows:

**I.　Background**

　　1.　On June 3, 2020, Power Home Solar, LLC ("Plaintiff") filed a Verified Complaint and Motion for Preliminary and Permanent Injunction in Charlottesville, Virginia Circuit Court, Case No. 540CL20000266-00.

　　2.　On or about June 11, 2020, Ventura was served a copy of the Civil Summons and Complaint for the above captioned case (the "Summons" and "Complaint").

　　3.　On or about June 12, 2020, Sigora was served with the Summons and Complaint.

4. On July 2, 2020, Stephens formally accepted service of the Summons and Complaint through counsel.

5. Attached as exhibits are true and correct copies of all pleadings received in this action identified as follows:

    a. **Exhibit 1** – Civil Summons, issued on June 11, 2020.

    b. **Exhibit 2** – Complaint filed on June 3, 2020, Case No. 540CL20000266-00.

6. The Complaint alleges twelve counts: (1) misappropriation of trade secrets under the Defend Trade Secrets Act ( "DTSA"), 18 U.S.C. § 1831 *et seq.*, as to Defendants;[1] (2) aiding and abetting misappropriation of trade secrets under DTSA, 18 U.S.C. § 1831 *et seq.* as to Sigora; (3) misappropriation of trade secrets under Virginia's Uniform Trade Secrets Act ("VUTSA"), Va. Code Ann. § 59.1-336, *et seq.* as to Defendants; (4) breach of contract as to Stephens and Ventura; (2) aiding and abetting breach of restrictive covenants as to Sigora; (6) common law unfair competition as to Defendants; (7) civil conspiracy as to Defendants; (8) tortious interference with contract as to Sigora; (9) turnover of property to Power Home Solar, LLC ("Power Home" or "Plaintiff") and an accounting as to Defendants; (10) unjust enrichment as to Defendants; (11) motion for preliminary and permanent injunctive relief pursuant to DTSA, 18 U.S.C. § 1835, and VUTSA, Va. Code Ann. § 59.1-337; and (12) punitive damages pursuant to DTSA, 18 U.S.C. § 1836(b)(3), and VUTSA, Va. Code Ann. § 59.1-338.

7. Removal is proper because this Court has subject matter jurisdiction over this action under federal question jurisdiction pursuant to 28 U.S.C. § 1331, as well as supplemental

---

[1] Although Plaintiff cites "18 U.S.C. § 1831 *et seq.*" generally, it appears that Plaintiff is pursuing a claim under 18 U.S.C. § 1836(b)(1), which provides a private right of action whereas § 1831 is a criminal statute.

jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367(a) and 28 U.S.C. § 1441(c).

8. All Defendants consent to removal of this action.

## II. Federal Question Jurisdiction

9. Defendants deny the allegations in the Complaint, deny that Plaintiff has a claim for which relief may be granted, and deny that Plaintiff has been damaged in any manner. Nevertheless, the claims arising under DTSA, 18 U.S.C. § 1831 *et seq.*, in the Complaint could have been filed in this Court under federal question jurisdiction because resolution of Plaintiff's claims will require determination of significant, disputed issues of federal law.

10. Plaintiff's Complaint alleges, "This action involves a trade secret dispute arising under the Virginia Uniform Trade Secrets Act § 59.1-336 *et seq.*, and ***under federal law, Defend Trade Secrets Act (Economic Espionage Act), 18 U.S.C. § 1831 et seq.***," (emphasis added).

11. Specifically, Plaintiff's Complaint alleges that Defendants misappropriated Plaintiff's confidential or proprietary information, characterized as misappropriation of trade secrets, in violation of 18 U.S.C. § 1836 *et seq*. (Compl. ¶¶ 76-122.) Additionally, in terms of remedies, Plaintiff seeks injunctive relief, punitive damages, and attorneys' fees under 18 U.S.C. § 1835 and 18 U.S.C. § 1836(b)(3). (Compl. ¶¶ 180, 183, Prayer for Relief ¶ 7.)

12. Pursuant to 18 U.S.C. § 1836(c), federal district courts have original jurisdiction over claims brought under DTSA. *See Akira Techs., Inc. v. Conceptant, Inc.*, No. 1:17-cv-412, 2018 WL 10467491, at *1-2 (E.D. Va. Apr. 12, 2018) (noting that a claim for misappropriation of trade secrets under DTSA, 18 U.S.C. § 1836, falls within the court's original jurisdiction pursuant to 28 U.S.C. § 1331).

13. Because issues arising under federal law are clearly at issue in this case, federal question jurisdiction exists pursuant to 28 U.S.C. § 1331.

### III. <u>Supplemental Jurisdiction</u>

14. Because Plaintiff's state law claims substantially relate to Plaintiff's federal claims, the state law claims form part of the same case or controversy. Where state law claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy," a federal district court has supplemental jurisdiction over those state law claims. 28 U.S.C. § 1367(a); *Bennett v. Fastenal Co.*, 184 F. Supp. 3d 304, 307 (W.D. Va. 2016). Whether federal law claims and state law claims form part of the same case or controversy "is determined by whether they derive from a common nucleus of operative fact and are such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 615 (4th Cir. 2001) (internal quotation marks and citations omitted).

15. Here, Plaintiff relies on the same facts to support both its DTSA and state law claims. Specifically, Plaintiff claims (1) that Ventura and Stephens violated various provisions of an employment agreement allegedly executed between Plaintiff and Ventura and Stephens; (2) that Sigora tortiously interfered with Plaintiff's agreements with its employees; (3) that Sigora, Ventura, and Stephens entered into a civil conspiracy; and (4) that Sigora, Ventura, and Stephens misappropriated trade secrets. (Compl. ¶¶ 29-58.) These claims are thus inextricably tethered to Plaintiff's DTSA claim.

16. Therefore, the Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1441(c) and 28 U.S.C. § 1367(a).

17. Removal of this entire case is thus proper under 28 U.S.C. §§ 1331 and 1441.

### III. VENUE

18. Venue is proper in this Court because the Charlottesville Circuit Court sits inside

the Charlottesville Division of the U.S. District Court for the Western District of Virginia. 28 U.S.C. § 1441(a) (providing, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending").

## IV. TIMELINESS

19. Defendants have timely filed this Notice of Removal within thirty (30) days of the first defendant being served with the Complaint on June 11, 2020, pursuant to 28 U.S.C. 1446(b) and F.R.C.P. 6(a)(1).

## V. NOTICE

20. Written notice of the filing of this Notice of Removal will be promptly sent to the Plaintiff, as required by 28 U.S.C. § 1446(d).

21. As provided by 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be promptly filed with the Clerk of Court for the Charlottesville Circuit.

**WHEREFORE**, Defendants Sigora, Ventura, and Stephens respectfully request this civil action be removed to the U.S. District Court for the Western District of Virginia and that the Court enter such other relief as is just and proper.

[SIGNATURE NEXT PAGE]

Dated:  July 13, 2020                                    Respectfully submitted,

By: */s/ Ryan J. Strasser*

**Ryan J. Strasser**
Virginia Bar No. 80979
**Dascher L. Pasco**
Virginia Bar No. 93706
Attorneys for Defendants
TROUTMAN PEPPER HAMILTON SANDERS LLP
1001 Haxall Point
15th Floor
Richmond, VA  23219
Tele: (804) 697-1478
Fax: (804) 697-5118
E-mail: ryan.strasser@troutman.com
E-mail: dascher.pasco@troutman.com

*Counsel for Defendants Sigora Solar, LLC; Brian Ventura; and Raven Stephens*