UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

|   |   |   |
|---|---|---|
| POWER HOME SOLAR, LLC | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:20-cv-00042 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SIGORA SOLAR, LLC, *et al.*, | ) | By: Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendants. | ) | |

On March 4, 2021, Defendants Sigora Solar, LLC, Raven Stephens, and Brian Ventura ("Defendants") filed a motion for claim-terminating sanctions against Plaintiff Power Home Solar, LLC ("PHS"). (ECF No. 115.) The court referred the matter to the Honorable Joel C. Hoppe, United States Magistrate Judge, to issue a Report and Recommendation ("R&R") under 28 U.S.C. § 636(b)(1)(B). On May 20, 2021, the magistrate judge issued an R&R, recommending that the court grant in part and deny in part Defendants' motion for sanctions. (ECF No. 130.)

Following the issuance of an R&R, parties are entitled to file objections within 14 days. Fed. R. Civ. P. 72(b)(2). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Further, the "district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

On June 3, 2021, PHS filed what is styled as an "objection," but reads as a motion for clarification. (ECF No. 133.) PHS sought to clarify that the recommended discovery

1

sanctions only applied to the evidentiary hearing regarding its alleged forgery and fraud on the court, and not the remainder of the case. The court presumes that PHS filed the "objection" out of an abundance of caution. Defendants did not file a response.

It is clear that the magistrate judge recommended for the discovery sanctions to apply only at the evidentiary hearing now scheduled for July 6, 2021, and not through the entirety of this case. (*See* ECF No. 130 at 43 ("Accordingly, I recommend *limiting the scope of evidence that PHS may present at the evidentiary hearing* to the evidence it had produced in discovery as to the seventeen Rule 30(b)(6) deposition topics before Defendants filed this motion. PHS should not be permitted to supplement its Rule 30(b)(6) responses or to present any evidence on the seventeen deposition topics that it did not produce to Defendants before they filed their motion for sanctions on March 4, 2021, to defend against Defendants' allegations of forgery and fraud on the Court." (emphasis added).)[1] Therefore, to the extent PHS's objection seeks to clarify the applicability of the sanctions, the objection is sustained. To the extent PHS objects to any other part of the magistrate judge's R&R, the objection is overruled.

The court has otherwise reviewed the R&R, and it fully agrees with the magistrate judge's recommendations. It is therefore **ORDERED** that the magistrate judge's R&R (ECF No. 130) is **ADOPTED**, and Defendants' motion for sanctions (ECF No. 115) is **GRANTED IN PART** and **DENIED IN PART** as follows:

---

[1] The conclusion of the R&R—which simply outlines all of the magistrate judge's recommendations—does not contradict this reading; it just does not specifically mention that the sanctions should apply only the evidentiary hearing.

(1) PHS is barred from supplementing the answers given during its Rule 30(b)(6) deposition on February 25, 2021, at the evidentiary hearing to be conducted regarding PHS's alleged forgery and fraud on the court.

(2) PHS is precluded from offering any evidence not produced to Defendants before they filed their motion for sanctions on March 4, 2021, to support its contentions that Stephens and Ventura validly executed non-compete agreements at the evidentiary hearing to be conducted regarding PHS's alleged forgery and fraud on the court.

(3) Defendants' request for reasonable attorneys' fees and costs is granted in part and denied in part. Defendants may recover reasonable attorneys' fees and costs associated with: (a) the court reporter and video link for PHS's Rule 30(b)(6) deposition; (b) preparing for and taking PHS's Rule 30(b)(6) deposition; and (c) filing, preparing, and arguing the motion for sanctions. Defendants are accordingly directed to file a fee petition within 30 days of this order.[2] Defendants' request for attorneys' fees and costs associated with the preparation and service of the Rule 30(b)(6) deposition notice is denied.

(4) Defendants' request for an order conclusively establishing the allegations of PHS's forgery of Ventura's and Stephens's purported non-compete agreements is denied.

(5) Defendants' request for an order (1) striking PHS's Complaint and affirmative defenses to Defendants' counterclaims, or in the alternative, (2) entering default judgment in favor of Defendants on the claims in PHS's Complaint and Defendants' forgery and fraud Counterclaims, is denied.

**IT IS SO ORDERED.**

---

[2] If PHS seeks to contest any part of the fee petition, it must file an opposition brief within 14 days of its service. If PHS files an opposition brief, Defendants may file a reply within 7 days of service of the opposition. If PHS does not wish to contest any part of the fee petition, then it must file a notice within 7 days.

The Clerk is directed to forward a copy of this Order to all counsel of record.

**ENTERED** this 24th day of June, 2021.

                                     */s/ Thomas T. Cullen*
                                     HON. THOMAS T. CULLEN
                                     UNITED STATES DISTRICT JUDGE